IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CEDRIC AH SING, #A0112164, | ) | NO. 1:12-cv-00599 LEK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR REMAND |
| vs. | ) | AND GRANTING MOTION TO CHANGE |
| | ) | VENUE |
| DEPT. OF PUBLIC SAFETY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR REMAND AND
## GRANTING MOTION TO CHANGE VENUE

Defendant the Hawaii Department of Public Safety
("DPS") initiated this action by filing a Notice of Removal in
this court pursuant to 28 U.S.C. § 1441(c).  ECF #1.  Plaintiff
Cedric Ah Sing is a Hawaii prisoner incarcerated at the Saguaro
Correctional Center (SCC), located in Eloy, Arizona.  Before the
court is Plaintiff's Motion to Remand Case, ECF #4, and DPS's
Motion to Change Venue, ECF #9.[1]  Plaintiff's Motion for Remand
is DENIED and DPS's Motion to Change Venue is GRANTED.  This
action is TRANSFERRED to the United States District Court for the
District of Arizona pursuant to 28 U.S.C. § 1404(a).

### I.  BACKGROUND

Plaintiff commenced this action with another inmate,
Edmund M. Abordo, in the state circuit court on July 26, 2012,
asserting claims for state habeas relief under Hawaii Rules of

---

[1] The court elects to decide this matter without a hearing
pursuant to the Local Rules for the District of Hawaii LR7.2(d)
and Rule 78(b) of the Federal Rules of Civil Procedure.

Penal Procedure 40.[2]  *See* Petition for Post-Conviction Relief, ECF #1-1.  Plaintiff and Abordo styled their pleading as a post-conviction petition, broadly alleging that their confinement at SCC violated the Fourteenth Amendment's Due Process Clause and various state laws and contracts, and jointly sought release. *See* ECF #1-1, PageID #5.  They also claimed that DPS encouraged SCC prison officials to commit unspecified "atrocities," and retaliate against them in violation of the First and Eighth Amendments.  *Id.*

The state circuit court found that they failed to assert a basis for relief under Haw. R. Penal P. 40, because they "allege[d] neither illegality of judgment nor illegality of custody or restraint, but allege[] a civil rights action or some other cause of action."  ECF #1-2, PageID #11-12; *see also*, HRPP 40(c)(3).[3]  DPS thereafter timely removed the action from the state court and moves to change venue.  *See* ECF #1 & #9.  Plaintiff seeks remand to state court.  ECF #4.

//

//

_____

[2] The court severed the action into two individual cases so that each Plaintiff can more ably represent themself.  ECF #14.

[3] Rule 40(c)(3) states: "If a post-conviction petition alleges neither illegality of judgment nor illegality of postconviction 'custody' or 'restraint' but instead alleges a cause of action based on a civil rights statute or other separate cause of action, the court shall treat the pleading as a civil complaint not governed by this rule."

## II.  DISCUSSION

### A.   Plaintiff Asserts a Civil Rights Cause of Action

Plaintiff's pleading clearly challenges his conditions of confinement in Arizona, as allegedly imposed by SCC prison officials in Arizona, and not the validity of his conviction or sentence.  If this action had been originally filed in the federal court, it would have been construed as a civil rights complaint and reviewed under § 1983, not under § 2254.

> Federal law opens two main avenues of relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983.  Challenges to the validity of any confinement . . . are the province of habeas corpus[;] . . . requests for relief turning on circumstances of confinement may be presented in a § 1983 claim.

*Muhammad v. Close*, 540 U.S. 749, 749 (2004).  Claims that challenge the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while claims that challenge the conditions of confinement should be addressed by filing a civil rights action.  *See Wolff v. McDonnell*, 418 U.S. 539, 554  (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 858-859 (9th Cir. 2003) (explaining that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition would not necessarily shorten the prisoner's sentence").

Plaintiff asserts that he is being illegally confined and seeks release.  He says that challenges seeking release from confinement are properly brought under § 2254 and must be fully exhausted in the state court before presentation to this court. *See* 28 U.S.C. § 2254(b)(1)(A).  Thus, Plaintiff argues that his action was improperly removed and its removal prevents him from fully-exhausting his claims.  But Plaintiff's plea for release, based on alleged violations of due process, retaliation, and cruel and unusual punishment does not present a legitimate challenge to his conviction or sentence.  These are straightforward conditions of confinement claims that allegedly occurred in Arizona by SCC prison officials.

Plaintiff is not entitled to habeas relief based on these claims.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside" the core of habeas corpus).  Plaintiff challenges the conditions of confinement and presents no basis for challenging his conviction or sentence.  Success will not result in Plaintiff's immediate or speedier release from confinement.  Plaintiff's allegations are therefore actionable under 42 U.S.C. § 1983, not under § 2254.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005).

//

4

**B.    Removal Was Proper**

A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Further, a federal court may exercise supplemental jurisdiction over closely related state law claims.  *See* 28 U.S.C. § 1367(c).

Plaintiff's pleading alleges federal constitutional violations, thus, subject matter jurisdiction is proper in federal court.  *See* 28 U.S.C. §§ 1441, 1442.  DPS timely removed the action from state court within thirty days of receiving notice of the filing of this action.  28 U.S.C. § 1446(b). Because the case was properly removed to federal court, Plaintiff's Motion for Remand is DENIED.

**C.    Defendant's Change of Venue Motion**

DPS seeks transfer of venue to Arizona, pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the interests of justice.  DPS argues that, because Plaintiff's claims allegedly occurred at SCC in Arizona and were perpetrated by individuals employed by SCC in Arizona, venue should be in Arizona.  *See* Def.'s Mem., ECF #9-1.

Plaintiff provides no argument why venue should not be transferred to Arizona, other than his assertion that the state court erroneously designated his pleading as a civil rights action.

### 1.   Change of Venue Standard

Venue of a properly removed action lies in the "district of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also Davis v. Abercrombie*, 2011 WL 2118276, at *4 (D. Haw. May 27, 2011).  Section 1404(a) provides, however, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, although removal constitutes a waiver of any venue objection, after removal the parties are free to move to transfer the action to a different division "[f]or the convenience of the parties and the witnesses."  28 U.S.C. § 1404(a).

"Under § 1404(a), the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (quotation marks omitted).  The purpose of transfer under § 1404(a) is "'to prevent the waste of time, energy, and money,'

6

and 'to protect litigants, witnesses, and the public against
unnecessary inconvenience and expense.'"  *See Kawamoto v. CB
Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1213 (D. Haw. 2002)
(quoting *Lung v. Yachts Int'l*, 980 F. Supp. 1362, 1369 (D. Haw.
1997) (further citation omitted).  To transfer a case, a
defendant must first show that the transferee court is one in
which the action could have been commenced originally.  Second, a
defendant must show that transfer would result in greater
convenience to the parties and witnesses, as well as advance the
interest of justice.  28 U.S.C. § 1404(a).

####    2.    28 U.S.C. § 1404(a) Factors

The court must weigh several public and private factors
to determine whether to transfer a case pursuant to § 1404(a),
including: (1) the plaintiff's choice of forum; (2) the location
where the relevant agreements were negotiated and executed; (3)
the respective parties' contacts with the forum; (4) the contacts
relating to the plaintiff's cause of action in the chosen forum;
(5) the differences in the costs of litigation in the two forums;
(6) the availability of compulsory process to compel attendance
of unwilling non-party witnesses; (7) the ease of access to
sources of proof; and (8) the state that is most familiar with
the governing law.  *Jones*, 211 F.3d at 498-99; *Williams v.
Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).
"Ultimately, the moving party has the burden of showing that an

alternative forum is the more appropriate forum for the action."
*Tamashiro v. Harvey*, 487 F. Supp. 2d 1162, 1168 (D. Haw. 2006)
(citation omitted).

### 3. *Analysis*

Section 1404(a)'s factors favor transfer here.  First,
although there a strong presumption in favor of a plaintiff's
choice of forum, *see Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d
696, 703 (9th Cir. 1995), when a plaintiff does not reside in the
forum, that preference is given considerably less weight.  *See*
Schwarzer et al., Fed. Civ. P. Before Trial § 4:761 (2008)
(citing *New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58,
59 (E.D. Pa. 1981); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832
(N.D. Ill. 1999)); *see also Sweet-Reddy v. Vons Cos.*,
2007 WL 841792, at *2 (N.D. Cal. Mar. 20, 2007) (finding that
deference to plaintiff's choice of forum is diminished when
plaintiff does not reside in chosen forum and none of the events
alleged in the complaint occurred there).  Plaintiff is
incarcerated in Arizona where his claims allegedly occurred.

Moreover, although Plaintiff names DPS, which is not a
proper defendant in any event, the unnamed individuals and
entities who are allegedly directly responsible for Plaintiff's
claims are the Corrections Corporation of America ("CCA"), which
runs SCC and is incorporated in Tennessee, and unnamed SCC prison
officials.  These unnamed defendants have no apparent contacts

8

with Hawaii other than the contract between CCA and the State of
Hawaii to house Hawaii inmates.  This factor favors transfer to
Arizona.

Second, Plaintiff does not allege a breach of contract
claim or name the State of Hawaii as a defendant.  Therefore, the
location of any contractual agreement between CCA and the State
of Hawaii to house and incarcerate Hawaii prisoners in Arizona
does not affect this determination.  Even if Plaintiff alleged a
breach of contract claim and had standing to enforce it, which is
doubtful, venue inquiries in contract claims are determined by
the "place of intended performance rather than the place of
repudiation." *Decker Coal Co. v. Commonwealth Edison Co.*, 805
F.2d 834, 842 (9th Cir. 1986) (citations omitted).  The place of
intended performance of the contract between CCA and the State of
Hawaii is Arizona, not Hawaii.  This factor is neutral.

Third, the sources of evidence supporting Plaintiff's
claims, such as institutional records, the unnamed SCC employees'
records, witnesses to the events at issue, and Plaintiff's SCC
institutional records, are located in Arizona.  That is, most of
the information to support Plaintiff's allegations and to defend
against those allegations is located in Arizona, not Hawaii.  The
expense of conducting discovery in Arizona to both parties, while
the case remains in Hawaii, will be considerable.  This court
also lacks subpoena power over SCC employees and inmates who live

9

in Arizona and who may be unwilling to be called as witnesses. This factor strongly favors transfer to Arizona.

Fourth, the events giving rise to Plaintiff's claims indisputably occurred in Arizona, not Hawaii.  Plaintiff complains that unnamed SCC employees in Arizona violated his rights to due process, retaliated against him for filing law suits, and committed other undisclosed "atrocities."  There are no significant contacts between Plaintiff's claims and Hawaii, other than Plaintiff's status as a Hawaii inmate.  This factor strongly supports transfer to Arizona.

Because Plaintiff's federal constitutional claims are the focus of the pleading and his state law claims are secondary to the federal claims, there is no basis for finding that Hawaii is a more proper venue than Arizona.  In addition, after a transfer pursuant to § 1404(a), "the transferee district court generally must apply the state law that the transferor district court would have applied had the case not been transferred." *Shannon-Vail Five Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001); *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("[A] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms.").  Plaintiff will not lose his state law causes of action as a consequence of the transfer of this action.  This factor is neutral.

10

Fifth, the other costs of litigation strongly favor transferring this action to the District of Arizona.  If this case proceeds to trial, the State of Hawaii may be forced to bear the expense of transporting Plaintiff to Hawaii, with the attendant costs for his supervision during the transfer and while he remains in Hawaii.  At the conclusion of trial, the State will bear the expense of transferring him back to Arizona.  On the other hand, should Plaintiff's claims withstand screening under 28 U.S.C. § 1915(e) after transfer, and this is doubtful,[4] DPS consents to venue in Arizona, and its officials can more easily and inexpensively travel to and from Arizona.  The costs of defending this suit in Hawaii will be significant, including transportation, lodging, and lost wages for any SCC employees and CCA officials.  DPS paid the federal filing fee when it removed this action and any other trial costs incurred by Plaintiff will be the same in either district court.  This factor strongly favors transfer to Arizona.

The remaining factors are either neutral or favor transfer.  There is no evidence before the court that the District of Hawaii is more favorable than the District of Arizona for resolution of Plaintiff's claims.  To the contrary, if either

---

[4] Because Defendant does not move to dismiss this action, and because any dismissal of the complaint would likely be with leave to amend, the court leaves screening of the complaint pursuant to 28 U.S.C. § 1915(e) to the transferee court.

11

court has a stronger interest in the controversy, it is the District of Arizona, which is the site of SCC and several other prisons owned and operated by CCA.  While the law applied may be the same in either district, the events giving rise to Plaintiff's claims took place in Arizona.  Arizona's local interest in the controversy is therefore stronger.

Deference to Plaintiffs' choice of forum is limited by the fact that he is incarcerated in Arizona.  It would be substantially more convenient for the witnesses and parties to proceed in Arizona.  Therefore, transfer of venue to the District of Arizona serves the convenience of the parties and witnesses and promotes the interests of justice.

### III.  CONCLUSION

Plaintiff's Motion for Remand is DENIED and Defendant's Motion to Change Venue is GRANTED.  This action is TRANSFERRED to the United States District Court for the District of Arizona.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff to the United States District Court for the District of

//

//

//

//

//

Arizona.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 20, 2012.



_/S/ Leslie E. Kobayashi_____
Leslie E. Kobayashi
United States District Judge

_Ah Sing v. Dep't of Public Safety,_ 1:12-cv-00599 LEK-BMK, ORDER DENYING MOTION FOR REMAND AND GRANTING MOTION TO CHANGE VENUE; G:\docs\prose attys\Trsfr, Venue, Remand\2012\Ah Sing, 12-cv-00599 lek (dny remand grt trsf).wpd